MICHELE BECKWITH
Acting United States Attorney
MATHEW W. PILE
Associate General Counsel
Office of Program Litigation, Office 7
MARGARET BRANICK-ABILLA (CABN 223600)
Special Assistant United States Attorney
Office of Program Litigation, Office 7
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235
Telephone: (510) 970-4809
Email: Margaret.Branick-Abilla@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK KELLEY O/B/O GIANNA D. RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 1:24-cv-00477-JLT-CDB<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees in the amount of SEVEN THOUSAND, FIVE HUNDRED DOLLARS AND ZERO CENTS ($7,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel Jonathan O. Pena (Counsel). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will

depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Counsel, including Counsel's law firm and associates, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: February 3, 2025                PENA & BROMBERG, PLC

By:    */s/ Jonathan O. Pena*  
JONATHAN O. PENA  
Attorneys for Plaintiff  
[*As authorized by e-mail on Feb. 3, 2025]

Dated: February 3, 2025                MICHELE BECKWITH  
Acting United States Attorney  
MATHEW W. PILE  
Associate General Counsel  
Office of Program Litigation, Office 7

By:    */s/ Margaret Branick-Abilla*  
MARGARET BRANICK-ABILLA  
Special Assistant United States Attorney  
Attorneys for Defendant

**ORDER**

Pursuant to the stipulation signed by all parties (Doc. 19), the Plaintiff is awarded attorney fees in the amount of SEVEN THOUSAND, FIVE HUNDRED DOLLARS AND ZERO CENTS ($7,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated:   **February 3, 2025**


UNITED STATES DISTRICT JUDGE